979 F.2d 858
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar BERNAL, Defendant-Appellant.
 No. 91-2154.
 United States Court of Appeals, Tenth Circuit.
 Nov. 13, 1992.
 
 Before SEYMOUR, Circuit Judge, LAY, Senior Circuit Judge,[1] and JOHN P. MOORE, Circuit Judge.
 ORDER AND JUDGMENT[2]
 LAY, Senior Circuit Judge.
 
 
 1
 Oscar Bernal appeals his conviction under 21 U.S.C. § 846 and 21 U.S.C. § 841 for conspiracy to distribute more than one hundred kilograms of marijuana. Bernal requests a new trial because the trial court permitted an undercover narcotics agent to testify about statements made by co-conspirator Charles Clonts. He also objects to the agent's testimony concerning statements by Bernal. We review evidentiary questions of this nature under an abuse of discretion standard. See United States v. Harrison, 942 F.2d 751, 759 (10th Cir.1991).
 
 
 2
 During the trial, United States Customs Agent James Searles testified that he had conversations with Clonts and Bernal while working undercover as a drug dealer who was trying to arrange transportation for a load of marijuana. He testified that Clonts and Bernal told him about their involvement smuggling illegal narcotics into the United States by plane. Searles also testified Clonts told him they needed money for an airplane undergoing repairs.
 
 
 3
 Bernal objected to the testimony of a prior drug smuggling operation under Federal Rule of Evidence 404(b). Rule 404(b) prohibits introduction of prior bad act evidence to prove a person's character but it permits introduction of the evidence for other purposes, such as to show motive. In United States v. Mora, 845 F.2d 233, 237 (10th Cir.), cert. denied, 488 U.S. 995 (1988), we held that evidence of prior bad acts may be introduced to explain how a conspiracy started. Here, Searles' testimony explains Bernal's motive for participating in the conspiracy. It furthers the conspiracy by bolstering Clont's and Bernal's credibility to the undercover agent.
 
 
 4
 In addition, Bernal contends that the testimony should have been excluded as hearsay. However, he failed to object to it on that basis during the trial. Thus, this objection was waived under Federal Rule of Evidence 103(a). See United States v. Barbee, 968 F.2d 1026, 1031 (10th Cir.1992). Bernal has not contended this was plain error.
 
 
 5
 For the above reasons, Bernal's conviction is affirmed.
 
 
 
 [1]
 Honorable Donald P. Lay, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3